IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**HARRY W. SIMMONS**                                                                    **PLAINTIFF**

**VERSUS**                                          **CAUSE NO. 3:17-CV-00044-MPM-JMV**

**PANOLA COUNTY, MISSISSIPPI,**
**COLE FLINT, KELLY MAGEE, and "X,"**
**In Their Individual Capacities**                                **DEFENDANTS**

                                                       **JURY TRIAL DEMANDED**

## THIRD AMENDED COMPLAINT

This is an action to recover actual damages against Defendants Panola County, Mississippi, and Cole Flint for violation of First Amendment rights, and to recover actual and punitive damages against Defendants Cole Flint and Kelly McGee for malicious interference with employment. The following facts support this action:

1.

Plaintiff HARRY W. SIMMONS is an adult resident citizen of 494 Hunters Parkway, Batesville, Mississippi 38606.

2.

Defendant PANOLA COUNTY, MISSISSIPPI (hereinafter "Defendant County") is a political subdivision of the State of Mississippi. Defendant County may be served with process upon its Chancery Clerk, Jim Pitcock, at 151 Public Square, Suite B, Batesville, Mississippi 38606. At all relevant times, Defendant County acted under color of state law.

Defendant COLE FLINT (hereinafter "Defendant Flint") is an adult resident citizen of Mississippi. Defendant Flint may be served with process at 151 Public Square, Suite B, Batesville,

Mississippi 38606. Defendant Flint is president of the Panola County Board of Supervisors, and is sued in his individual capacity for state law violations and First Amendment violations.

Defendant KELLY MAGEE (hereinafter "Defendant Magee") is an adult resident citizen of Mississippi. Defendant Magee may be served with process at 151 Public Square, Batesville, Mississippi 38606. Defendant Magee is sued in her individual capacity for state law violations. At all relevant times, Magee was the County Administrator of Panola County, Mississippi, and was a non-voting member of the Board of Directors of Panola County Partnership, Inc., Plaintiff's former employer.

Defendant "X" is a member of the Board of Directors of Panola County Partnership, Inc., who Flint claims invited him to attend a meeting of the Board of Directors of Panola County Partnership, Inc., to discuss a newsletter written by Plaintiff. The true name of Defendant "X" is unknown, since Flint claimed at deposition that he does not remember his name. Defendant "X" is sued for state law violations.

3.

Since Plaintiff does not know the identity of Defendant "X", and does not know what role Defendant "X" played in Plaintiff's termination, Defendant "X" is sued only to preserve claims against Defendant "X," should discovery reveal that Defendant "X" participated in maliciously causing Plaintiff's discharge. The deadline for amendments in this matter expires on July 10, 2017. Plaintiff has no way of knowing at this time the identity of Defendant "X," nor whether Defendant "X" actually participated in maliciously interfering with Plaintiff's discharge.

4.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under United States Constitution Amendment

One. This Court has supplemental jurisdiction over Plaintiff's state law claims against the individual Defendants. The action is authorized by 42 U.S.C. § 1983. At all relevant times, Defendants County and Flint acted under color of state law.

5.

Plaintiff served for approximately eleven (11) years as Executive Director of the Panola Partnership, Inc. Panola Partnership, Inc., is non-profit corporation, which is funded, in part, by Panola County, Mississippi, acting through its Board of Supervisors.

6.

Plaintiff had no issues about his employment until September 2016, when he sent a newsletter making the following statement, which constitutes speech on a matter of public concern:

> I would like to personally and publicly thank all of the Batesville City Board members for voting to support our funding request and four of our County supervisors for their vision and support for this year's funding request. Board President Cole Flint, James Birge, Vernice Avant, and Donald Phelps voting for the request with Board member John Thomas voting against. Personally, I cannot understand how any public elected official could not support economic development which means new jobs for our citizens and new investment for our county. But, I thank God for the others that did support our needs this year.

Excerpt from Partnership Progress Monthly Newsletter, September 2016, attached hereto as Exhibit "A." After the above statement appeared in the newsletter, Defendant Flint, President of the Panola County Board of Supervisors, told a third-party, Brad Clark, that he was going to "get" Plaintiff for what Plaintiff had said in the newsletter.

7.

Within a few weeks after the publication of the September 2016 newsletter, Defendant Flint, President of the Board of Supervisors, appeared before the executive board of Plaintiff's employer, Panola Partnership, Inc. Defendant Flint informed Plaintiff's employer that he was speaking for the

Panola County Board of Supervisors. Defendant Flint then criticized Plaintiff for writing the newsletter, including affirming that the County might withhold money to the partnership because of the newsletter.

8.

At depositions, Defendant Flint claimed that he was "invited" to the partnership board meeting by a female member of the Board of Directors of Panola Partnership, Inc., and by Defendant "X", a male member of the Board of Directors of Panola Partnership, Inc. Defendant Flint claimed he cannot remember the names of either of the persons who "invited him" to the meeting. However, the only female member of the partnership was Defendant Magee. Magee was an ex officio member, occupying that position because she was appointed by the Board of Supervisors.

9.

At the meeting of the board of directors of the Panola Partnership, Inc., the individual Defendants Flint and Magee informed the Directors of the Panola Partnership, Inc., that the article that appeared in the newspaper could result in Panola County's cutting off some of the funding of the Panola Partnership, Inc. These statements were made for the malicious purpose of interfering with Plaintiff's employment, and made for the malicious purpose of causing Plaintiff's discharge.

10.

Based on Defendant Flint's claim that he was speaking for the board, and based upon Defendant Flint's testimony at deposition, that all of the board members had been told about his planned visit to the Panola Partnership, Inc. Defendant Flint's actions to interfere with Plaintiff's employment represented official policy decision of the Panola County Board of Supervisors.

Case: 3:17-cv-00044-MPM-JMV Doc #: 64 Filed: 07/26/17 5 of 8 PageID #: 370

11.

Plaintiff's termination was reported in the news media through the newspaper article attached hereto as Exhibit "B."

12.

Plaintiff's termination was proximately caused by Defendants in retaliation for the comments Plaintiff made in the newsletter.

13.

Defendant Magee entertained malice and ill will against Plaintiff for personal reasons, which do not relate to Plaintiff's work. Defendant Flint entertained personal animosity against Plaintiff because he misinterpreted the statements Plaintiff had made in the newsletter as being a criticism of the entire Board of Supervisors. Defendant Flint admitted at deposition that the statements in the newsletter were a matter of public concern, and interpreted the statements in the newsletter as critical of the entire Board of Supervisors.

14.

On November 17, 2016, Plaintiff served a Notice of Claim, which is attached hereto as Exhibit "C." Plaintiff will shortly file an Amended Notice of Claim, which is attached hereto as Exhibit "D," which alleges Defendant Magee contributed to Plaintiff's loss of employment. If any contention be made that this action may not be brought until ninety (90) days after the filing of the Amended Notice of Claim, then Plaintiff requests that this action be stayed for a period of ninety (90) days to meet the requirements of the statutory waiting period.

15.

Defendants Flint and Panola County, Mississippi, are liable to Plaintiff for causing Plaintiff's discharge based on Plaintiff's exercise of First Amendment right to speech on matters of public

00316241.WPD -5-

concern. This was an official policy decision of the Panola County Board of Supervisors. Defendants Flint and Magee are liable to Plaintiff for the supplemental state law claim of malicious interference with employment. Should discovery reveal the identity of Defendant "X," and should discovery further reveal that Defendant "X" also participated in maliciously causing Plaintiff's discharge, then Defendant "X" is also liable for malicious interference with employment.

16.

Defendants Flint, Magee, and "X" are liable for the tort of malicious and intentional interference with economic relations because they agreed, acting out of malice and bad faith and outside of the scope of their employment, to retaliate against Plaintiff for the statements he made in the newsletter. They did this by threatening the partnership with a loss of funds. The actions taken by Defendants Flint, Magee, and "X" are actions which they reasonably foresaw would cause Plaintiff's discharge, and which did, in fact, cause Panola Partnership, Inc., to terminate Plaintiff's employment.

17.

Plaintiff has suffered mental anxiety and stress, and lost income as a result of Defendants' actions.

18.

Plaintiff is, therefore, entitled to a judgment against Defendant Panola County, Mississippi, and Defendant Flint for violation of First Amendment rights.

19.

Plaintiff is entitled to a judgment against Defendants Flint, Magee, and "X" for intentional, malicious interference with employment.

20.

Plaintiff is entitled to a judgment against Defendants Flint and Panola County, Mississippi, for violation of First Amendment rights.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages against the individual Defendants Flint, Magee, and "X," and actual damages against Defendant Panola County, Mississippi, in an amount to be determined by a jury. Furthermore, if any of the pleadings in this case be deemed to be inconsistent, then Plaintiff pleads his claims in the alternative. Plaintiff also requests reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 26th day of July, 2017.

HARRY W. SIMMONS, Plaintiff

By: */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
Ron L. Woodruff, MS Bar No. 100391
rlw@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent a copy to the following:

**Wilton V. Byars, III, Esq.**
**wbyars@danielcoker.com**
**jtatum@danielcoker.com**
**cmattox@danielcoker.com**

**Mitchell O. Driskell, III, Esq.**
**mdriskell@danielcoker.com**
**smcmillian@danielcoker.com**
**nmoore@danielcoker.com**

DATED, this the 26th day of July, 2017.

                                           */s/ Jim Waide*
                                           Jim Waide